GLENN W. PETERSON, ESQ. (SBN 126173)
**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
2267 Lava Ridge Court, Suite 210
Roseville, CA  95661
Phone: 916.780.8222
Fax:    916.780.8775

JOHN P. COSTELLO, ESQ. (SBN 161511)
PAMELA W. BERTANI, ESQ. (SBN 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, CA 95814
Phone: 916.441.2234
Fax :   916.441.4254

Attorneys for Plaintiff
ALTAVION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAVION, INC. a California corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>KONICA-MINOLTA SYSTEMS LABORATORY, INC., a corporation; PAUL CATTRONE, an individual; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. CV 07 6358 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Date:  February 25, 2008<br>Time:  2:00 p.m.<br>Ctrm.:  15<br><br>[No Trial Date Set] |

### I.  INTRODUCTION

This action was originally filed in San Mateo County Superior Court on November 9, 2007. The subject matter of this action involves (1) a state law claim for misappropriation of trade secrets (Civil Code § 3426.1(b)); (2) a common law conversion claim; (3)  a breach of contract claim; (4) a common law unjust enrichment claim; (5) a state law claim for unfair business practices (Bus. & Prof. Code §§ 17200 et seq.); (6) a common law fraud claim based upon misrepresentation; and (7) a

common law fraud claim based upon concealment. (See Complaint). The Complaint does not even intimate federal jurisdiction, either upon the grounds of diversity or federal question. Notwithstanding the clear and narrowly limited allegations of the Complaint, and the conspicuous absence of a federal question, defendant removed this action. The tenuous justification for removal is claimed to be "federal question"; more specifically, a federal question arising under the patent laws of the United States. However, one cannot discern a patent law issue just by reading the Complaint. Nevertheless defendants have tried to cobble together a patent law issue based upon two theories: 1) that the Complaint raises inventorship determination issues which require the application of federal patent laws to sort out (See defendants' removal notice ¶¶ 9, 10 attached as Exhibit 2, hereto); and 2) that plaintiff's requested relief seeks to interfere with defendants' future federally created patent rights, should any patents issue from the ten patent applications cited in the Complaint (*Id.* ¶¶ 11, 12). The law underlying removal jurisdiction is well developed—the removing party has the burden of establishing federal jurisdiction in a context where the removal statute is strictly construed against him and doubt is resolved in favor of remand. We shall expound on these points below.

## II.  THE PARTIES

Plaintiff is a California corporation with a business headquarters located in Santa Clara County, California. Plaintiff was founded in March 2000 with the objective of developing and advancing reliable methods of optimizing digital document security (See Complaint ¶¶ 2, 7). Defendant Konica-Minolta Systems Laboratory, Inc. ("Konica") is a corporation registered to do business in California and is domiciled in San Mateo County, California. Konica is engaged in the business of developing office machines such as printers, scanners and copiers. Defendant Paul Cattrone ("Cattrone") has acted as an independent consultant to defendant Konica in matters relating to the plaintiff and his activities in this regard have led to him being named in the Complaint (*Id*. At ¶¶ 17, 19).

/ / /

/ / /

/ / /

### III.  THE COMPLAINT

The Complaint alleges seven claims that arise under common law or California state statutes[1]; nowhere in the Complaint is relief sought under a federal law which would raise a federal question. While many of the claims relate to trade secrets misappropriated by the defendants, which trade secrets were then published in ten patent applications, there are no granted patents involved in the case or cited in the Complaint.

### IV.  LAW AND ARGUMENT

**A.   Remand is Compulsory Where Federal Jurisdiction Is Not Apparent on the Face of the Complaint**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The potential basis for federal subject-matter jurisdiction in this action is federal question jurisdiction involving substantial questions of patent law under 28 U.S.C. § 1338(a) [2] (See Notice of Removal, ¶¶ 7, 8.)

The existence of federal jurisdiction on removal must be determined on the face of the plaintiff's Complaint. See *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint, <u>unaided by the answer or by the petition for removal</u>. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936) (emphasis ours). A federal defense is not part of a plaintiff's claim, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Calif. v.*

---

[1] (1) a state law claim for misappropriation of trade secrets (Civil Code § 3426.1(b)); (2) a common law conversion claim; (3) a breach of contract claim; (4) a common law unjust enrichment claim; (5) a state law claim for unfair business practices (Bus. & Prof. Code §§ 17200 et seq.); (6) a common law fraud claim based upon misrepresentation; (7) a common law fraud claim based upon concealment

[2] §1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

*Construction Laborers*, 463 U.S. 1, 14 (1983). This rule thus enables the plaintiff, as "master of the complaint," to have his action heard in state court "by eschewing claims based on federal law." *Caterpillar Inc. v. Williams,* 482 U.S. 385, 399 (1987).

The "vast majority" of federal-question cases "are those in which federal law creates the cause of action;" yet, where the plaintiff only asserts causes of action under state law, an action may nonetheless be deemed to "arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law." ' *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (citation omitted). The "mere presence of a federal issue in a state cause of action," however, does not automatically raise a federal question. *Id.* at 813.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c).

### 1. The Removing Party Bears the Burden of Establishing Federal Jurisdiction; Doubts Favor Remand

The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)); *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 571 (N.D.Cal.1981), *aff'd in part, rev'd in part,* 731 F.2d 1423 (9th Cir.1984). In this case, defendant must meet this burden. The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, (1987).

Where there is any substantial doubt concerning jurisdiction of federal court on removal, the case should be remanded; *jurisdiction should be retained only where it is clear*. See *Town of Freedom, Okl. v. Muskogee Bridge Co., Inc.,* 466 F.Supp. 75 (D.C.Okl., 1978) (emphasis ours). Similarly, where there is a possibility of a later determination that district court lacks jurisdiction of

1  the removed action, and that, even after trial and judgment, a remand might be ordered, caution
2  recommends that in an uncertain or close case early remand to state court would be the preferred
3  procedure. *Douglass v. Park City Associates,* 331 F.Supp. 823 (D.C.Pa., 1971).

4  It is the duty of a federal district court, at all times and at any time during pendency of suit, to
5  remand case when it is manifest upon affidavit or petition for removal that case has been improperly
6  removed into federal court; this should be done with or without motion. *Cannon v. United Ins. Co.*
7  *of America*, 352 F.Supp. 1212 (D.C.S.C.1973).

8  Federal courts must scrupulously confine their own jurisdiction within the precise limits that
9  sections 1441 and 1446 have defined. *Couch v. White Motor Co.,* 290 F.Supp. 697 (D.C.Mo., 1968.)

10  **2.     Plaintiff's Claims Are Entirely Supportable Under State Law**

11  "When a claim can be supported by alternative and independent theories--one of which is a
12  state law theory and one of which is a federal law theory--federal question jurisdiction does not
13  attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.,* 80
14  F.3d 339, 346 (9th Cir. 1996).  In other words, just because an element that is essential to a particular
15  theory might be governed by federal patent law does not mean that the overlying claim "arises
16  under" federal law.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811-13 (1988).  In
17  the present case, while inventorship is an important element of federal patent law, inventorship is
18  also an important element of state trade secret law. *Kewanee v. Bicron,* 416 U.S. 470 (1974).

19  "[F]ederal question jurisdiction will lie over state-law claims that implicate significant
20  federal issues."  Such a claim, however, may only be removed to federal court if it meets certain
21  conditions: (1) it must raise a stated federal legal issue, (2) determination of the federal issue must be
22  necessary to resolution of the claim, (3) the federal issue must be actually disputed, (4) the federal
23  issue must be substantial, and (5) the federal court must be able to entertain the claim "without
24  disturbing any congressionally approved balance of federal and state judicial responsibilities."  See
25  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, --- U.S. ----, 125 S.Ct. 2363, 2366-68, 162
26  L.Ed.2d 257 (2005).

27  / / /
28  / / /

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

3. **Plaintiff's Complaint Only Implicates Ten Pending Patent Applications and Does Not Implicate Any Federally Issued and Subsisting Patents; Therefore, No Justiciable Case or Controversy Arising Under the Patent Laws Exists in the Present Case**

As the defendants accurately noted in their Notice of Removal, 28 U.S.C §1338(a) gives federal courts jurisdiction over "any civil action arising under any Act of Congress relating to <u>patents</u>…." (emphasis ours). An action "arises under" patent law if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well pleaded claims." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) (Removal Notice ¶ 8).

In the present case, there are no actions arising under patent law implicated on the face of the the Complaint, because there are no issued patents involved in this case. The ten patent applications listed in the Complaint (Complaint ¶ 23) have not matured into issued patents yet, and this fact alone determines that there is presently no justiciable case or controversy arising under the federal patent laws. *GAF Building Materials Corporation v. Elk Corporation of Dallas* 90 F.3d, 479, 482 (Fed. Cir. 1996). Patent rights are created only upon the formal issuance of a patent and here, no rights have been created yet to which a federal court's jurisdiction could attach. *Id.* at 483.

4. **The Cases Cited By the Defendants Regarding Inventorship Determinations Involve *Issued Patents* and are Inapplicable to the Plaintiff's Situation Involving *Patent Applications***

The Defendants cite two main cases to support their contention that inventorship determination issues exist in the present case which create a justiciable case or controversy under the patent laws. These cases are *MCV, Inc. v. King-Seely Thermos Company*, 870 F.2d 1568 (Fed. Cir. 1989) and *Beech Aircraft Corporation and Paul J. Jonas v. EDO Corporation*, 990 F. 2d 1237 (Fed. Cir. 1993) (Removal Notice ¶ 9). These cases involved corrections of inventorship due to inadvertent or non-intentional error. The statute involved in each case was 35 U.S.C §256, which provides:

/ / /

6

> "Whenever through error a person is named in an <u>issued patent</u> as the inventor, or through error an inventor is not named in an <u>issued patent</u> and such error arose <u>without any deceptive intention</u> on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
>
> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly."

(emphasis ours)

It is clear that §256, on which the defendant's cited cases centered, relate only to matters involving issued patents, which is opposite that of the present case involving the plaintiff, which involves trade secrets embodied in ten patent applications (Complaint ¶ 23).  Also, §256 only relates to matters where inventorship was misrepresented due to a lack of deceptive intention.  The Complaint on its face states that the inventorship in the ten patent applications was believed to be intentionally misrepresented to the United States Patent and Trademark Office (Complaint ¶¶ 62-64).  Therefore, defendant's arguments based on the above-cited cases which involve §256 do not apply to the facts pleaded on the face of the Complaint, and no justiciable case or controversy relating to inventorship arising under §256 or defendants' cited cases has been created by the Complaint.

**5.     Plaintiff's Prayer for Relief To Enjoin Defendant Konica from Exploiting Any Rights Granted Under Future Issued Patents Does Not Create a Justiciable Case or Controversy Arising Under the Federal Patent Laws**

The Plaintiff's prayer for relief has requested that the court restrain defendant Konica from "seeking to exploit any rights either directly or indirectly through third parties, with respect to the following U.S. Patent Applications and any related applications or subsequently issued patents: (listing of ten patent applications follows)" (Complaint ¶ 1A Prayer for Relief).  The defendants have cited this portion of the Complaint as evidence of the creation of a patent law case or controversy on the face of the Complaint which falls under the purview of 28 U.S.C. § 1338(a). (Notice of Removal ¶ 11).  To further emphasize their position the defendants stated that the "Plaintiff's requested relief

seeks to interfere with Defendants' federally created patent rights and to restrain and enjoin Defendants from exercising their rights thereunder." (Removal Notice ¶ 12).

A case or controversy must be definite and concrete and cannot be of a hypothetical or abstract character. See *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937). Future patents not in existence at the time a complaint is filed fall into the category of hypothetical cases or controversies. *GAF Building Materials* 90 F. 3d at 482. Also, justiciability must be judged as of the time of filing the complaint and not at some indeterminate future date when the court might reach the merits and the patens have issued. *Id*. Here, the defendants are concerned about the plaintiff asking the state court to protect its rights should any future patents issue from the ten applications that are known to exist in the present case. Such a prayer for relief is standard fare in a complaint. The simple fact is that as time plays out some of the patents may issue and others may get entirely rejected or amended significantly from their present pending form. (See *Manual of Patent Examining Procedure, Chapter 700 et. seq., "Examination of Patent Application," U.S. Dept. of Commerce*). The exact amount, form and coverage of these future patent rights (if any) cannot be predicted at this time, and remain in the realm of the purely hypothetical as of the state court filing date of the Complaint. Such hypothetical patent rights cannot create grounds for removal into federal court under §1338(a). *GAF* at 482.

### B.  Plaintiff Should Recover Costs and Attorneys' Fees

28 U.S.C. §1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may <u>require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal</u>.

(emphasis ours)

The commentary in the annotated code elaborates as follows:

**Costs and Attorney Fees Can Accompany Remand**

> To the "costs" that the old statute allowed the court to direct in conjunction with a remand, the amendment of subdivision (c) now authorizes the court to add "actual expenses, including attorney fees", should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, *to be exercised based on the nature of the removal and the nature of the remand*. Congress says that this added power under subdivision (c) of § 1447 is to "replace" the bond requirement now eliminated from removal

8

> procedure with the repeal of subdivision (d) of the old § 1446. (See the Commentary on § 1446, above.)
>
> The money sanction is as potent a threat as the bond was, and possibly even greater, but it lacks the "good and sufficient" surety that would have guaranteed payment of whatever the bond secured.
>
> *See,* 28 U.S.C.A., COMMENTARY ON 1988 REVISION OF SECTION 1447 (emphasis ours)

A court may make "an award of fees when a defendant's removal, while 'fairly supportable,' was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000). The intent or bad faith of defendant is irrelevant to the court's determination. *Id.*

Here, the Defendants' basis for removal involved two basic theories in an attempt to convince the court that a justiciable case or controversy arising under the United States patent laws exists on the face of the Complaint. The first theory tried to implicate the patent laws by stating that issues which required inventorship determinations were evident on the face of the Complaint. The defendants cited cases involving inventorship determinations under 35 U.S.C. § 256 (See e.g. *MCV, Inc. v. King-Seely Thermos Company*, 870 F.2d 1568 (Fed. Cir. 1989) and *Beech Aircraft Corporation and Paul J. Jonas v. EDO Corporation*, 990 F. 2d 1237 (Fed. Cir. 1993)). Inventorship determinations can be germane to both trade secret law and federal patent law. (See *Kewanee v. Bicron*, 416 U.S. 470 (1974)). However § 256 is clear in that federal patent law inventorship determinations must involve issued patents. Here no issued patents are cited to be in controversy on the face of the Complaint; only patent applications exist (Complaint ¶ 23). Therefore as a matter of law the defendants were wrong in bringing their Removal Notice when clearly no issued patents were ever cited in the Complaint.

The defendants' second theory to implicate the patent laws was to state that the plaintiff's Prayer for Relief referred to restraining defendants from exercising rights granted under future patents which might issue from the ten applications cited in the Complaint. These "patents" do not exist yet and the plaintiff was only looking ahead to logically plan for a time when wrongfully acquired patents might issue from the ten applications cited in the Complaint, and to prevent the exercise of these rights, should they hypothetically issue. The law is clear in that future patents not in existence at the time a complaint is filed fall into the category of hypothetical cases or

1  controversies. *GAF Building Materials* 90 F. 3d at 482.  Also, justiciability must be judged as of the
2  time of filing the complaint and not at some indeterminate future date when the court might reach
3  the merits and the patens have issued. *Id*.  Therefore again, as a matter of law the defendant is again
4  wrong.

5       The defendants, having been wrong as a matter of law on both of their theories for removal,
6  it should follow that the court make an award of costs and attorney's fees in the plaintiff's favor for
7  having to oppose the defendants' removal attempt.

9  DATED:  January 9, 2008.                **MILLSTONE PETERSON & WATTS, LLP**
                                            *ATTORNEYS AT LAW*

                                            By:_____/s/ Glenn W. Peterson_____
                                                      GLENN W. PETERSON

                                            Attorneys for Plaintiff,
                                            ALTAVION, INC.


     I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Glenn W. Peterson