1  BRYAN WILSON (BAR NO. 138842)
   Email: BWilson@mofo.com
2  MARC J. PERNICK (BAR NO. 160591)
   Email: MPernick@mofo.com
3  LAURA R. MASON (BAR NO. 252251)
   Email: LMason@mofo.com
4  MORRISON & FOERSTER LLP
   755 Page Mill Road
5  Palo Alto, California 94304-1018
   Telephone: (650) 813-5600
6  Facsimile: (650) 494-0792

7  Attorneys for Defendants
   KONICA-MINOLTA SYSTEMS LABORATORY, INC.,
8  AND PAUL CATTRONE

9
   GLENN W. PETERSON (BAR NO. 126173)
10 Email: GPeterson@mpwlaw.net
   MILLSTONE, PETERSON & WATTS, LLP
11 2267 Lava Ridge Court, Suite 210
   Roseville, CA 95661
12 Telephone: (916) 780-8222
13 Facsimile: (916) 780-8775

14 JOHN P. COSTELLO (BAR NO. 161511)
   PAMELA W. BERTANI (BAR NO. 182672)
15 COSTELLO LAW CORPORATION

16 Attorneys for Plaintiff
   ALTAVION, INC.

17                     UNITED STATES DISTRICT COURT
18                     NORTHERN DISTRICT OF CALIFORNIA
19                         SAN FRANCISCO DIVISION
20

21

22 | ALTAVION, INC., a California corporation, | Case No.   CV 07 6358 |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT/RULE 26(f) REPORT; [PROPOSED] ORDER** |
| v. | |
| KONICA-MINOLTA SYSTEMS LABORATORY, INC., a corporation; PAUL CATTRONE, an individual; and DOES 1 through 50, inclusive, | Date: March 24, 2008<br>Time: 4:00 PM<br>Courtroom: 15 |
| Defendants. | **Hon. Marilyn Hall Patel** |

28

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT; [PROPOSED] ORDER
Case No. CV 07 6358
pa-1241968

1. **Jurisdiction and Service**. The basis for the Court's jurisdiction over this matter is currently in dispute. Plaintiff has filed a motion to remand that challenges the Court's subject matter jurisdiction. Defendants maintain that the Court has original subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338 because the relief Plaintiff seeks will require claim construction and inventorship determinations, and that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. No issues regarding personal jurisdiction or venue exist and all parties have been served.

2. **Facts**.

Konica Minolta Systems Lab ("KMSL") is an affiliate of Konica Minolta Business Solutions USA, Inc., an industry leader in advanced imaging, printing and networking technologies. KMSL develops cutting-edge technology for use in Konica Minolta products. Altavion, Inc. ("Altavion") is a corporation founded by Ali Moussa that develops document security technology.

Altavion alleges that Dr. Moussa met with KMSL representatives from late 2002 through late 2003 to discuss the prospect of Altavion providing resources for Konica Minolta's scanners. Although the parties never entered into any product, services, or licensing arrangement, Altavion and KMSL did execute a Confidential and Mutual Non-Disclosure Agreement ("NDA") in late 2003. Altavion alleges that, after entering into the NDA, Altavion and KMSL continued their meetings into the spring of 2004 for the purpose of considering whether KMSL might license Altavion's "digital stamping technology" ("DST"). Still, no actual business arrangement ensued.

Altavion alleges that, during the meetings and communications between the fall of 2003 and spring of 2004, KMSL asked for and received detailed information and explanations from Altavion regarding its DST intellectual property. This included, according to Altavion, demos and an initial evaluation copy of its DST stamping engine to create a barcode for authenticating paper documents. Altavion alleges that the software performed successfully from KMSL's standpoint, but that, nevertheless, KMSL decided not to pursue a formal business relationship.

Altavion claims that KMSL misappropriated its DST and other proprietary information and that, six months after signing the NDA, KMSL began filing a series of ten patent applications

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT; [PROPOSED] ORDER
Case No. CV 07 6358
pa-1241968

1

in the U.S. PTO that allegedly disclosed Altavion's proprietary DST intellectual property, and that allegedly misidentified KMSL personnel as inventors.

The principal factual issues that appear to be in dispute at this point include:

(a) Whether Altavion's alleged trade secrets qualify for trade secret protection;

(b) Whether, as Altavion alleges, Defendants misappropriated any Altavion trade secrets;

(c) Whether, as Altavion alleges, Defendants converted Altavion confidential information;

(d) Whether, as Altavion alleges, KMSL breached the NDA;

(e) Whether, as Altavion alleges, Defendants were unjustly enriched;

(f) Whether, as Altavion alleges, Defendants have engaged in unfair competition under California Business and Professions Code Sections 17200, et seq.;

(g) Whether, as Altavion alleges, Defendants' conduct constitutes fraudulent misrepresentation;

(h) Whether, as Altavion alleges, Defendants' conduct constitutes fraudulent concealment;

(i) Whether, as Altavion alleges, Altavion has suffered any damages as a result of any alleged improper conduct by Defendants; and

(j) Whether Altavion is entitled to injunctive relief, including the restraint it seeks against Defendants' activities in connection with the patent applications in suit, and a transfer of ownership of any of the patent applications.

3. **Legal Issues**.  The principal legal issues that appear to be in dispute at this point include:

(a) Whether this Court has subject matter jurisdiction over this case;

(b) Whether Altavion's conversion, breach of contract, unjust enrichment, unfair competition, misrepresentation, and/or fraudulent concealment claims are preempted under California Civil Code section 3426.7(b)(2);

Case No. CV 07 6358
pa-1241968

2

1      (c)    Whether Altavion has adequately stated causes of action for the above-mentioned claims against either Defendant under Fed. R. Civ. P. 12(b)(6); and

3      (d)    Whether Altavion has adequately stated any cause of action whatsoever against individual Defendant Paul Cattrone.

5    4.    **Motions**.   A list of prior, pending, and anticipated motions is as follows:

6      (a)  Motion to Remand – On January 9, 2008, Altavion filed a Motion to Remand.  The hearing on this motion is scheduled for March 24, 2008.

8      (b)  Motion to Dismiss – Defendants are in the process of preparing a Fed. R. Civ. P. 12(b)(6) motion that may seek dismissal of all claims against Paul Cattrone, and of claims two through seven (conversion, breach of contract, unjust enrichment, unfair competition, fraudulent misrepresentation, and fraudulent concealment) against KMSL.

13     (c)  Motion Compelling Identification of Trade Secrets – Whether Defendants will need to file a motion to compel identification of trade secrets will depend on Altavion's willingness to clearly identify its trade secrets.

16     (d)  Motions for Summary Judgment – Defendants may file one or more summary judgment motions.

18   5.    **Amendment of Pleadings**.   The time for Defendants to file an answer to the Complaint has not yet run.  Defendants have not yet determined precisely what defenses to raise, or whether to file counterclaims.  The parties propose that motions to amend the pleadings should be filed no later than 45 days before the close of fact discovery.

22   6.    **Evidence Preservation**.   Altavion and Defendants respectively assert that they have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

25   7.    **Disclosures**.   The parties have discussed this matter, and have agreed to extend the default time in which to provide each other with the initial disclosures required by Fed. R. Civ. P. 26. In particular, the parties intend to exchange initial disclosures pursuant to

1 Fed. R. Civ. P. 26(a)(1) when the Court issues its order on Plaintiff's motion or remand, or by
2 April 9, 2008, whichever date comes first.

3     8. **Discovery**.  The parties have not yet served discovery requests.  The parties'
4 respective positions concerning a schedule for discovery are set forth below in Section 17.  The
5 parties intend to move for entry of a protective order.  The parties propose the following limits on
6 discovery, subject to change by stipulation or Court Order:

7     (a)    Interrogatories:  50 from each side.
8     (b)    Requests for Admission:  No changes from limits set by Federal Rules of Civil
9     Procedure.
10     (c)    Document Requests:  No changes from limits set by Federal Rules of Civil
11     Procedure.
12     (d)    Depositions:  The parties agree that each side will have 100 hours of deposition
13     time, exclusive of time spent deposing experts.  In addition, the parties agree that,
14     with one exception, there will be a presumptive limit of 7 hours per deposition for
15     each natural person witness.  Defendants will be allowed to depose Plaintiff's
16     principal, Dr. Ali Moussa, for up to 21 hours, if necessary, on a schedule that is
17     mutually convenient for the parties.

18     The parties agree that all electronic discovery will be produced as single-page TIFF
19 images, with OCR and load files for Concordance.  The load files should include typical metadata
20 (such as to/from/cc/bcc fields for e-mails, date of document creation, etc.).  To the extent
21 electronic documents are natively text-searchable, they should be produced in a text-searchable
22 manner.  Additionally, any files that are incomplete or unintelligible as a TIFF will be produced
23 natively (for example, video files, large Excel spreadsheets, CAD drawings, executable files,
24 etc.).

25     9.    **Class Actions**.  This case is not a class action.
26     10.    **Related Cases**.  There are no related cases or proceedings pending before another
27 judge of this Court, or before another court or administrative body.
28

11. **Relief**.  Altavion seeks the following relief from Defendants
   (a) Injunctive Relief:
      i. Enjoining KMSL from seeking to exploit any rights with respect to ten (10) U.S. Patent Applications and any other related patent applications or patents that issue from them;
      ii. Enjoining KMSL from using or disclosing any confidential Altavion proprietary information;
      iii. Ordering KMSL to recognize Altavion's ownership of any patent applications comprising Altavion digital stamping technology.
      iv. Ordering KMSL to return to Altavion all confidential digital stamping technology information and all property that contains or refers to Altavion digital stamping technology;
      v. Enjoining KMSL from altering, disposing, or destroying any records or physical evidence relating to Altavion, its digital stamping technology, or KMSL's relevant activities;
   (b) Compensatory Damages for cumulative lost revenue in the amount of $4,500,000 (Four and a Half Million Dollars) per month for the duration of the alleged misappropriation plus interest,
   (c) Compensatory Damages for cumulative lost licensing revenue in the amount of $270,000,000 (Two Hundred Seventy Million Dollars);
   (d) An Accounting for Profits and a Constructive Trust;
   (e) Royalties if relief is deemed necessary and the damages described above are unavailable in the amount of 50% (Fifty percent) on each sale by Defendant that includes Altavion's intellectual property;
   (f) Prejudgment Interest;
   (g) Damages for time and money spent seeking the return of the alleged converted property;
   (h) Exemplary Damages;

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT; [PROPOSED] ORDER
Case No. CV 07 6358
pa-1241968                                                                                        5

1                  (i)    Costs of Suit; and

2                  (j)    Any further relief that the court deems proper.

3        12.    **Settlement and ADR**.  The parties have agreed to participate in private mediation, and they have filed the required ADR certifications and stipulation.

        Defendants believe that the prospects for settling this case will be effected dramatically by Altavion's willingness to identify its alleged trade secrets with specificity, and to identify the bases for its claim that Defendants have misappropriated its alleged trade secrets.

        13.    **Consent to Magistrate Judge for All Purposes**.  The parties do not consent to a Magistrate Judge conducting all further proceedings.

        14.    **Other References**.  This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

        15.    **Narrowing of Issues**.  At the present time, the parties are unaware of issues that can by narrowed by agreement or motion.

        16.    **Expedited Schedule.**  Although the Defendants believe this case should be resolved quickly, there is no proposal for expediting or streamlining the procedures required to litigate and try the case.

        17.    **Scheduling**.

| Event | Proposed Date |
|---|---|
| Last Day for Parties to Serve Initial Disclosures Under Rule 26(a)(1) | At time of decision or remand motion or by April 9, 2008 at the latest. |
| Fact Discovery Cut-Off (i.e., date by which written discovery responses are due and by which depositions must be completed) | November 14, 2008 |
| Parties to Serve Expert Reports for Which They Bear the Burden of Proof | December 3, 2008 |
| Rebuttal Expert Reports | December 24, 2008 |
| Expert Discovery Cut-Off | January 16, 2009 |
| Last Day to File Dispositive Motions | February 6, 2009 |
| Pretrial Conference | March 20, 2009 |
| Trial | April 24, 2009 |

        18.    **Trial**.

        Plaintiff's Position:  Altavion has requested a jury in this matter.  Altavion expects the trial to take on the order of 7 to 12 days.

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT; [PROPOSED] ORDER
Case No. CV 07 6358
pa-1241968
                                                                                        6

1  Defendants' Position: It is Defendants' position that Altavion has not requested a jury
2  trial in this matter. Defendants expect the trial to take on the order of 5 – 10 days.
3  19. **Disclosure of Non-Party Interested Entities or Persons.** Defendants filed an
4  accurate Certificate of Interested Entities or Persons along with their Notice of Removal on
5  December 14, 2007 (Docket Entry 1), and they hereby recertify those disclosures herein.
6  20. The parties are unaware of any other matters that may facilitate the just, speedy
7  and inexpensive disposition of this matter.

Dated: March 17, 2008

Bryan Wilson
Marc J. Pernick
Laura R. Mason
MORRISON & FOERSTER LLP


By: /s/ Marc J. Pernick
Marc J. Pernick
MPernick@mofo.com

Attorneys for Defendants
KONICA-MINOLTA SYSTEMS
LABORATORY, INC., AND PAUL
CATTRONE

Dated: March 17, 2008

Glenn W. Peterson
MILLSTONE, PETERSON & WATTS, LLP

John P. Costello, Esq.
Pamela W. Bertani, Esq.
COSTELLO LAW CORPORATION


By: /s/ Glenn W. Peterson
Glenn W. Peterson
GPeterson@mpwlaw.net

Attorneys for Plaintiff
ALTAVION, INC.

I, MARC J. PERNICK, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT; [PROPOSED] ORDER in compliance with General Order 45, X.B., I hereby attest that Glenn W. Peterson has concurred on this filing.

DATED: March 17, 2008.          MORRISON & FOERSTER LLP

                                By:  /s/ Marc J. Pernick
                                     Marc J. Pernick

## ORDER

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters it pursuant to Civ. L.R 16-8(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: _____          _____
                                    MARILYN HALL PATEL
                                    United States District Judge